IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK O. LEWIS AND HERBERT SARTY, <br><br>PLAINTIFFS, <br><br>vs. <br><br>WAL-MART STORES, INC. AND WAL-MART STORES, INC. CORPORATION GRANTOR TRUST <br><br>DEFENDANTS. | Civil Action Number _____ <br><br>02CV 944EA(M) <br><br>CLASS ACTION COMPLAINT <br>(Jury Demanded) <br><br>Judge _____ |

FILED
DEC 18 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## ORIGINAL CLASS ACTION COMPLAINT

Frank O. Lewis and Herbert Sarty (in the capacities stated below and collectively called "the plaintiffs") seek to recover life insurance benefits Wal-Mart wrongfully received upon the deaths of Nellie Mae Lewis and Hazel Lee Sarty and for other damages as stated. The plaintiffs ask to maintain this suit as a class action.

### JURISDICTION

1. The court has jurisdiction over these claims under 28 U.S.C. § 1332 because the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is appropriate in this district because Wal-Mart is subject to personal jurisdiction in the Northern District of Oklahoma. 28 U.S.C. § 1391 (a)

### THE PARTIES

2. Frank O. Lewis, an Oklahoma citizen who resides in Osage County, Oklahoma, sues on behalf of the Estate of Nellie Mae Lewis, deceased. Nellie Mae Lewis was a retail sales clerk for Wal-Mart. She died on December 20, 1999 while residing in

Osage County, Oklahoma. She died intestate and was survived by, among others, Frank O. Lewis, her husband, who by law has a first and prior right to be appointed personal representative of her estate.

3. Herbert Sarty, an Oklahoma citizen who resides in Wagoner County, Oklahoma, sues on behalf of the Estate of Hazel Lee Sarty, deceased. Hazel Lee Sarty was a greeter for Wal-Mart. She died on February 27, 1994 while residing in Wagoner County, Oklahoma. She died intestate and was survived by, among others, Herbert Sarty, her husband, who by law has a first and prior right to be appointed personal representative of her estate.

4. Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation headquartered in Bentonville, Arkansas. Wal-Mart may be served through its registered agent for service, Corporation Service Company, 115 S.W. 89th Street, Oklahoma City, Oklahoma 73139-8511.

5. Wal-Mart Stores, Inc. Corporation Grantor Trust ("Trust") was established by Wal-Mart and may be served through its trustee, Wachovia Bank of Georgia, N.A. through L. M. Baker, Jr., its Chairman, President and Chief Executive Officer, 2034 Buena Vista Road, Winston Salem, North Carolina 27104.

**WAL-MART IMPROPERLY INSURED THE LIVES OF ITS EMPLOYEES AND NAMED ITSELF POLICY BENEFICIARY**

6. On December 28, 1993, Wal-Mart began insuring the lives of what would eventually total 350,000 Wal-Mart employees. The amount of insurance Wal-Mart purchased on each employee bore no relationship to aggregated projected liabilities to employees, as calculated in accordance with generally accepted actuarial principles.

7. Wal-Mart bought the policies (corporate-owned life insurance, or COLI, policies) from AIG Life Insurance Company and Hartford Life Insurance Company and designated the Trust as policy beneficiary. Wal-Mart exclusively controlled the Trust and the Trust is Wal-Mart's *alter ego*. The Trust was established in Georgia purely as a sham to avoid unfavorable insurance regulations of other states.

8. Wal-Mart insured each of its employees who, in December 1993, were: (1) older than eighteen, (2) younger than seventy, (3) full time employees and (4) participants in the medical benefits plan.

9. In December 1993, Nellie Mae Lewis was (1) older than eighteen, (2) younger than seventy, (3) a full time employee and (4) participated in the medical benefits plan.

10. In December 1993, Hazel Lee Sarty was (1) older than eighteen, (2) younger than seventy, (3) a full time employee and (4) participated in the medical benefits plan.

11. The plaintiffs believe, and therefore allege, that Nellie Mae Lewis and Hazel Lee Sarty were insured by Wal-Mart under its COLI policies. The plaintiffs believe, and therefore allege, that Wal-Mart received policy benefits as a result of Nellie Mae Lewis' and Hazel Lee Sarty's deaths.

## COUNT 1
### VIOLATION OF OKLAHOMA LAW

12. OKLA. STAT. tit 36 § 3604 (A) states that "no person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under the contract are payable to the individual insured or a personal representative, or to a person having, at the time when the contract was made, and

insurable interest in the individual insured." The benefits of Wal-Mart's COLI policies were not payable to the individual insured or their personal representatives. Thus, the policy benefits could only be payable to one having an insurable interest.

13. Under OKLA. STAT. tit 36 § 3604 (C), an insurable interest exists only in close relatives or when "a lawful and substantial economic interest in having the life, health, or bodily safety of the individual insured continue, as distinguished from an interest which would arise only by, or would be enhanced in value by, the death, disability or injury of the individual insured."

14. OKLA. STAT. tit 36 § 3604 (C) (4), to the extent it is applicable, provides that employers may insure the lives of employees only with the employee's written consent. Wal-Mart and the Trust did not request and the Plaintiffs' decedents, and other employees similarly situated, did not give a knowing, voluntary and informed consent.

15. Neither Wal-Mart nor the Trust had an insurable interest in the lives of Nellie Mae Lewis, Hazel Lee Sarty or any other Oklahoma employee. Neither Wal-Mart nor the Trust ever obtained employees' written consent to insurance on their lives. To the contrary, they never informed Wal-Mart employees that Wal-Mart and the Trust had insured the employees' lives for their benefit. Neither Wal-Mart nor the Trust disclosed to the Plaintiffs' decedents, or other employees similarly situated, the amount of insurance they would purchase on each employee's life.

16. Because Wal-Mart and the Trust did not have an insurable interest in the employees' lives, and because they did not obtain a valid consent to obtain such insurance, the COLI policies violated Oklahoma law. Under OKLA. STAT. tit 36 § 3604 (B), the estates of Nellie Mae Lewis and Hazel Lee Sarty, and all others similarly situated, are

entitled to all of the benefits Wal-Mart and the Trust received from the COLI policies on their lives.

## COUNT 2
### UNJUST ENRICHMENT

17. The death of an insured employee resulted in the payment of tens of thousands or hundreds of thousands of dollars of policy benefits to Wal-Mart and the Trust. Because they had no interest in the employees' lives, the COLI policy benefits paid to Wal-Mart and the Trust were a windfall. Wal-Mart was unjustly enriched by the policy benefits it received from employee deaths, including any benefits it received from the deaths of Nellie Mae Lewis or Hazel Lee Sarty. The Trust was likewise unjustly enriched by the policy benefits. The plaintiffs, and all others similarly situated, are entitled to all benefits Wal-Mart and the Trust received from the policies to disgorge their unjust enrichment.

## COUNT 3
### MISAPPROPRIATION

18. Nellie Mae Lewis, Hazel Lee Sarty and every other Wal-Mart employee disclosed personal information (specifically, name, date of birth and social security number) to Wal-Mart for the sole purpose of employment. Wal-Mart regards this information as confidential.

19. Wal-Mart gave its employees' personal information to the Trust. Wal-Mart and the Trust gave the personal information to Hartford Life Insurance Company and AIG Life Insurance Company to purchase and collect upon the COLI policies insuring the employees' lives.

20. Wal-Mart and the Trust received a financial benefit, from the COLI policy proceeds they received, by misappropriating the employees' private information. The

plaintiffs are entitled to restitution to disgorge the COLI policy benefits Wal-Mart and the Trust improperly received by misappropriating the private information of Nellie Mae Lewis, Hazel Lee Sarty and the class of those similarly situated.

21. Wal-Mart and the Trust's misappropriation of the employees' identities was intentional and malicious and done in bad faith and without justification. Wal-Mart and the Trust's misappropriation of the employees' personal information was conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice such that entitled the jury to give damages for the sake of example and by way of punishing Wal-Mart and the Trust.

### FRAUDULENT CONCEALMENT AND DISCOVERY RULE

22. Wal-Mart never informed its employees that Wal-Mart would itself receive policy benefits when the covered employees died. Instead, Wal-Mart concealed this information from employees by providing a standardized vague and misleading statement about the insurance coverage. On or about December 14, 1993, Wal-Mart distributed a statement to employees entitled "Personal Benefits News." Wal-Mart's statement was superficial, bare of any data or concrete information, vague and a mere suggestion that the employees' lives would be insured for Wal-Mart's benefit. Wal-Mart did not explain the financial arrangements of its insurance policies in writing or in plain English.

23. Wal-Mart's misleading statement concerning the policies created a duty requiring Wal-Mart to accurately state the terms of the policies insuring its employees' lives. Wal-Mart never made this disclosure and, therefore, fraudulently concealed claims that its employees' estates have to the policy benefits. Moreover, Wal-Mart was uniquely knowledgeable about the subject matter of the policies and its employees did not have an

equal opportunity to discover the facts. Wal-Mart's unique and superior knowledge of the transactions imposed a duty upon it to disclose the material terms of the insurance policies to its employees. Wal-Mart fraudulently concealed claims that its employees' estates have to the policy benefits because it did not make such a disclosure.

24. Wal-Mart also used the Trust to conceal its purchase of the COLI policies and receipt of benefits upon employees' deaths. Wal-Mart and the Trust instructed AIG Life Insurance Company and Hartford Life Insurance Company to pay the policy benefits due under its COLI policies to the Trust. The Trust held the policy benefits for Wal-Mart and paid those benefits directly to Wal-Mart upon demand. The Trust's payment of policy benefits to Wal-Mart prevented employees and others from learning that the source of those funds were policy benefits paid to Wal-Mart as a result of employee deaths.

25. Because of Wal-Mart's acts and omissions, no person of ordinary prudence, including the plaintiffs, could have discovered that Wal-Mart and the Trust had secretly purchased the COLI policies and illegally received policy benefits as a result of employees' deaths. No person of ordinary prudence could have anticipated that Wal-Mart and the Trust would violate Oklahoma law by secretly buying illegal insurance policies on employees' lives. Because of Wal-Mart's intentional efforts to keep the policy benefits secret, no person of ordinary prudence could have discovered that Wal-Mart or the Trust was holding the illegal policy benefits. As a result of the defendants' conduct, the plaintiffs did not discover the claims asserted in this case until 2002.

**THIS CASE IS APPROPRIATE FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23**

26. The plaintiffs request class certification. The proposed class will be comprised of the executors and administrators of estates of former Wal-Mart employees

who died while the COLI policies were in effect. The requested plaintiff class meets the prerequisites of a class action under FED. R. CIV. P. 23(a) and is maintainable under FED. R. CIV. P. 23 (b)(1), (2) or (3).

### PRAYER

27. As soon as practicable, the plaintiffs ask the court to certify this case as a class action. *See* FED. R. CIV. P. 23(c).

28. The plaintiffs and members of the plaintiff class ask for the following:

(a) a final judgment declaring that neither Wal-Mart nor the Trust had the necessary insurable interest in the lives of Nellie Mae Lewis, Hazel Lee Sarty and members of the plaintiff class;

(b) a final judgment awarding the plaintiffs all benefits Wal-Mart or the Trust received from the COLI policies in accordance with OKLA. STAT. tit 36 § 3604 (B);

(c) a final judgment disgorging the money unjustly had and received by Wal-Mart and the Trust through the life insurance policies at issue;

(d) a final judgment sufficient to disgorge the money Wal-Mart and the Trust improperly received by misappropriating Wal-Mart employees' personal information;

(e) a final judgment for exemplary damages against Wal-Mart and the Trust for their intentional and unjustified misappropriation of Wal-Mart employees' personal information; and

(f) pre-judgment and post-judgment interest in an amount allowed by law.

The plaintiffs pray for costs and attorneys' fees, and any other relief, in law or equity, to which they are entitled.

Respectfully submitted,

**ELLER AND DETRICH,**
A Professional Corporation

By: _/s/ James C. Hodges_
James C. Hodges, OBA # 4254
Shanann Pinkham Passley, OBA #13603
2727 East 21st Street, Suite 200
Midway Building
Tulsa, Oklahoma 74114-3533
Telephone: (918) 747-8900
Facsimile: (918) 747-2665

**ATTORNEYS FOR THE PLAINTIFFS FRANK O. LEWIS AND HERBERT SARTY AND ALL OTHERS SIMILARLY SITUATED**

OF COUNSEL:

**MCCLANAHAN & CLEARMAN, L.L.P.**

Scott M. Clearman
Texas Bar No. 04350090
Michael D. Myers
Texas Bar No. 00791331
Robert H. Espey II
Texas Bar No. 24007163
4100 Bank of America Center
700 Louisiana
Houston, Texas 77002
Telephone: (713) 223-2005
Facsimile: (713) 223-3664

17653.1
I:\COLI Wal-Mart\Pleadings\Complaint-final.doc