UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FRANK O. LEWIS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 02-CV-0944-CVE-FHM |
| ) | |
| **WAL-MART STORES, INC., et al,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court are the Wal-Mart Defendants' Motion to Certify Questions of Law to Oklahoma Supreme Court (Dkt. # 140) and the Wal-Mart Defendants' Motion for Leave to File Supplemental Authority in Support of Motion to Certify Questions of Law to Oklahoma Supreme Court (Dkt. # 166). The questions the Wal-Mart Defendants ask the Court to certify are:

> 1. Under Okla. Stat. tit. 36, § 3604(C) (1991), can a corporate employer have a lawful and substantial economic interest, that is, an "insurable interest," in the life of a nonmanagement employee?
>
> 2. If so, is the corporate employer's insurable interest in a nonmanagement employee established, for purposes of Okla. Stat. tit. 36, § 3604(C)(2) (1991), by proof that the employer's estimated costs of providing employee health and welfare benefits to the insured employee are commensurate with the death benefit provided by the corporate owned life insurance policy covering such employee?

This dispute involves the personal representatives of the estates of eight individuals who were employed by Wal-Mart Stores, Inc. in Oklahoma. Plaintiffs seek to recover life insurance benefits they claim the Wal-Mart defendants[1] wrongfully received upon the deaths of the Wal-Mart employees whom they represent. In both the Second and Third Amended Class Action Complaints,

---

[1] Plaintiffs named both Wal-Mart Stores, Inc. and Wal-Mart Stores Inc. Corporation Grantor Trust as defendants, referenced herein collectively as "Wal-Mart."

all of the plaintiffs specifically allege a violation of Okla. Stat. tit. 36, § 3604, unjust enrichment, and misappropriation.

The context in which these claims arise involves corporate owned life insurance ("COLI") policies purchased by Wal-Mart and other companies during the 1990s. COLI policies were driven by tax considerations later challenged by the Internal Revenue Service and rendered obsolete by legislation. Challenges by employees, or their estates, soon followed. This Court ruled, in Tillman v. Camelot Music, Inc., 02-CV-761 EA(J), slip op. (N.D. Okla. Sept. 29, 2003), that one of these companies, Camelot Music, Inc., had an insurable interest under Oklahoma law in the life of one of its nonmanagement employees whom it had insured under a COLI policy. Id. at 27.

The Tenth Circuit reversed, holding that, under the 1993 version of Okla. Stat. tit. 36, § 3604, the employer had no insurable interest in the life of the plaintiff, a "rank-and-file" employee as distinguished from a "key" employee. Tillman v. Camelot Music, Inc., 408 F.3d 1300, 1306-07 (10th Cir. 2005).

> [A]bsent evidence of considerable expenditures in relation to the company's overall budget or other relevant evidence establishing the substantial nature of the expenditure, human resources' monies spent to attract and keep employees is a general cost of doing business and is not sufficient alone to support a finding of a *substantial* interest in a specific employee's continued life.

Id. at 1306 (emphasis in original). Essentially, the Tenth Circuit requires that the employer defending its COLI policies establish each insured employee's "special importance" to the company. Id. Indeed, the Tenth Circuit characterized the evidence submitted by the employer as "costs associated with Camelot's general employees, not just with those who add significant pecuniary benefit to the company." Id.

The Tenth Circuit's Tillman decision dictates that such a determination must be made on an individual insured basis. Since Wal-Mart did not establish that it had a substantial interest in the life of the employee represented by the only named plaintiff with standing to assert a claim for a violation of the statute, or that the employee was of "special importance" to the company, this Court held that Wal-Mart had no insurable interest in the employee's life. Opinion and Order, Dkt. # 168, at 31-34.

Although the Oklahoma Supreme Court has not spoken directly to this issue, it would be particularly inappropriate for this Court to certify the question where the Tenth Circuit has previously spoken on the issue. Of course, Wal-Mart is not precluded from requesting that the Tenth Circuit certify the question, and the Tenth Circuit may choose to do so on appeal, but certification of the question by this Court would appear to essentially sanction an attempt to circumvent the impact of Tenth Circuit's decision in Tillman.

In its motion for leave to file supplemental authority, Wal-Mart brings to the Court's attention a recent decision in which a federal district court distinguished the Tenth Circuit's Tillman decision and found, under Colorado law, that an employer had an insurable interest in the life of "non-key" employees who consented to be part of the employer's COLI policies. Xcel Energy, Inc. v. United States of America, No. Civ. 04-1449DWFFLN, 2005 WL 2577112 (D. Minn. Oct. 12, 2005). While the Xcel court's rationale provides limited support for Wal-Mart's position on the merits, the opinion does not address a request to certify an insurable interest question. Indeed, plaintiffs do not oppose the motion for leave to file supplemental authority as the Xcel opinion tends to show that a federal court can resolve the issue without certifying the question.

**IT IS THEREFORE ORDERED** that the Wal-Mart Defendants' Motion for Leave to File Supplemental Authority in Support of Motion to Certify Questions of Law to Oklahoma Supreme Court (Dkt. # 166) is hereby **granted**, and the Wal-Mart Defendants' Motion to Certify Questions of Law to Oklahoma Supreme Court (Dkt. # 140) is hereby **denied**.

**Dated** this 2nd day of December, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT