**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **FRANK O. LEWIS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 02-CV-0944-CVE-FHM |
| ) | |
| **WAL-MART STORES, INC., et al,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court are Plaintiffs' Motion for Leave to File a Third Amended Complaint (Dkt. # 38) and plaintiffs' Motion for Leave to File a Fourth Amended Complaint (Dkt. #132). Plaintiffs brought this action on December 18, 2002, by filing a "Class Action Complaint." As the personal representatives of the estates of eight individuals who were employed by Wal-Mart Stores, Inc. in Oklahoma, the named plaintiffs sought to recover life insurance benefits they claim the Wal-Mart defendants[1] wrongfully received upon the deaths of the Wal-Mart employees whom the named plaintiffs represent. All of the original plaintiffs specifically alleged a violation of Okla. Stat. tit. 36, § 3604, unjust enrichment, and misappropriation. Plaintiff Rodney Bizal, on behalf of the estate of Shelly Bizal-Webb, also alleged an individual claim against AIG Life Insurance Company ("AIG") for the policy benefits due to Shelly Bizal-Webb's estate.

**I.**

At a scheduling conference on June 30, 2003, the Court set a September 12, 2003 deadline for plaintiffs to file a motion for class certification. However, before that deadline arrived, Wal-Mart requested, among other things, that the Court reschedule class certification proceedings due

---

[1] Plaintiffs named both Wal-Mart Stores, Inc. and Wal-Mart Stores Inc. Corporation Grantor Trust as defendants, referenced herein collectively as "Wal-Mart."

to plaintiffs' filing of its initial Third Amended Complaint (Dkt. # 36) without a written order granting leave to do so. The Court granted that request and struck the dates for the class certification proceedings.

At a hearing on October 15, 2003, the Court granted plaintiffs' Motion for Leave to File a Third Amended Complaint (Dkt. # 38) in part: plaintiffs were permitted to assert a claim against AIG Life Insurance Company, but that portion of the motion for leave to amend which served as a request to revise or assert new claims against Wal-Mart was taken under advisement pending the Court's consideration of Wal-Mart's motion for summary judgment as to the Second Amended Complaint. Plaintiffs filed their subsequent Third Amended Complaint (Dkt. # 81) on October 20, 2003, asserting a claim against AIG and modifying their request to plead a multi-state class by requesting certification of a plaintiff class or classes comprised of "all those similarly situated." Third Amended Complaint, Dkt. # 81, at ¶ 38. Thereafter, Wal-Mart Stores, Inc. was substituted for AIG as the real party in interest with respect to Rodney Bizal's claim and AIG was dismissed without prejudice.

The case was then informally abated pending a ruling by the Tenth Circuit in a case involving similar issues, Tillman v. Camelot Music, Inc., 02-CV-761 EA(J), slip op. (N.D. Okla. Sept. 29, 2003). The Tenth Circuit ruled on May 11, 2005. Tillman v. Camelot Music, Inc., 408 F.3d 1300 (10th Cir. 2005). In light of the Tenth Circuit's decision, this Court permitted Wal-Mart to supplement its motion for summary judgment. On June 22, 2005, plaintiffs filed a Motion for Leave to File Fourth Amended Complaint (Dkt. # 132) which, like their motion for leave to file a Third Amended Complaint, modifies their request to plead a multi-state class. However, it also adds new allegations that certain of Wal-Mart's defenses are barred by the doctrine of collateral estoppel

or issue preclusion. Plaintiffs also filed a cross-motion for summary judgment on June 22, 2005, asserting collateral estoppel as to Wal-Mart's affirmative defenses and requesting summary judgment on the issue of whether Wal-Mart had an insurable interest in the lives of its employees.

This Court held oral argument on the summary judgment motions on October 5, 2005. On December 1, 2005, the Court dismissed for lack of standing the statutory violation claims of all plaintiffs except Kenneth Frank Jacobson (personal representative of Alene Jacobson's estate). Opinion and Order, Dkt. # 168, at 44. The Court also held that Wal-Mart was entitled to summary judgment as to the unjust enrichment claims of all plaintiffs and the misappropriation claims of Janet Switzer (personal representative of the estates of Troy Allen Brasher and Irene Brasher) and Terry Scott Shelnut (personal representative of Alice Fay Haskins' estate). Id. Finally, the Court held that plaintiffs were entitled to partial summary judgment that Wal-Mart had no insurable interest in the lives of its rank-and-file employees in Oklahoma, but were not entitled to summary judgment as to Wal-Mart's affirmative defenses. Id.

**II.**

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of the court and provides that "leave shall be freely given when justice so requires." See, e.g., Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kansas Dept. of Social and Rehabilitation Servs., 181 F.3d 1180, 1186 (10th Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962); 6 Charles Alan Wright et al., Federal Practice and Procedure §§ 1473, 1483 (2d ed.1990)). However, a judge may deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

3

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Moore v. Reynolds, 153 F.3d 1086, 1116 (10th Cir. 1998)(citations omitted).

Wal-Mart argues that plaintiffs' motions to amend, to the extent that they seek to alter the description of the putative class, should be denied because of plaintiffs' undue delay, bad faith or dilatory motive, undue prejudice to Wal-Mart, and futility of the amendment. A motion to amend is subject to denial where the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint . . . ." Parker v. Champion, 148 F.3d 1219, 1222 (10th Cir. 1998); Las Vegas Ice and Cold Storage v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990). Arguably, plaintiffs knew or should have known that eleven other states have insurable interest statutes similar to Oklahoma's insurable interest statute when they filed the original complaint or the first and second amendment thereto. Plaintiffs were not forthcoming at the June 30, 2003 scheduling conference as to whether or when they would seek to expand the scope or definition of the class to include plaintiffs in eleven other states. However, given the suspension of the class certification proceedings and the informal abatement of the proceedings, Wal-Mart's argument that it would be prejudiced by the amendments is moot. The primary reason the Court denies leave to amend is futility.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001) (citations omitted). This includes a proposed amendment that would not meet the requirements for a class action under Fed. R. Civ. P. 23. See Brancheau v. Residential Mortgage Group, Inc., 177 F.R.D. 655, 657-58 (D.

Minn. 1997); Feldman v. Lifton, 64 F.R.D. 539, 543 (S.D.N.Y. 1974). "The trial court may certify a class only if, after rigorous analysis, it determines that the proposed class satisfies the prerequisites of Federal Rule of Civil Procedure 23(a)." J.B. by Hart v. Valdez, 186 F.3d 1280, 1287-88 (10th Cir. 1999).

In the Second Amended Complaint, plaintiffs seek certification of a class "comprised of the executors and administrators of estates of former Wal-mart employees who died while the COLI policies were in effect." Dkt # 16, at ¶ 37. When plaintiffs initially filed a Third Amended Complaint without leave of Court (Dkt. # 36), plaintiffs sought certification, for purposes of their statutory violation and unjust enrichment claims, of a class comprised of "the estates of Wal-mart employees or former employees who died while insured by a Wal-mart policy" and while residing in Oklahoma, Alaska, Arizona, Hawaii, Idaho, Louisiana, Montana, Nevada, New Mexico, South Dakota, Washington, and Wyoming. Dkt. # 36, at ¶¶ 32, 35. Plaintiffs asserted that Oklahoma's insurable interest statute, Okla. Stat. tit. 36, § 3604, is "identical" to statutes in the other eleven states. Id. at ¶¶ 27-29, 32. For purposes of their misappropriation claim, they sought certification of a class "comprised of the employees and estates of former Wal-Mart Oklahoma employees whose personal information was used by Wal-Mart to purchase the COLI policies on their lives." Id. at ¶ 41. The Court struck that version of the Third Amended Complaint but kept the Motion for Leave to File a Third Amended Complaint under advisement and permitted plaintiffs to file a Third Amended Complaint to assert the claim of plaintiff Rodney Bizal against AIG only.

When plaintiffs filed that Third Amended Complaint (Dkt. # 81), they simply requested class certification for a "plaintiff class or classes comprised of all those similarly situated." Dkt. # 81, at ¶ 38. In their Motion for Leave to File a Fourth Amended Complaint, plaintiffs primarily seek to

5

assert that the doctrines of collateral estoppel and issue preclusion bar Wal-Mart's affirmative defenses; however, they also assert their understanding that the Court "has taken under consideration their request to specifically identify additional states in the proposed class definition" and, for that reason, they did not include references to those states in the proposed Fourth Amended Complaint. Dkt. # 132, at 2. However, they "do not withdraw or waive their request for leave to amend the complaint to include the reference to states having insurable interest statutes that are identical to Oklahoma's." Id. They also state their intent to offer an additional amended pleading with those specific references if the Court grants leave to include specific references to those states. Id. Accordingly, the Court understands plaintiffs' request to define the class as set forth in the now-stricken Third Amended Complaint (Dkt. # 36).

> Fed. R. Civ. P. 23(a) provides:
>
> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Id. The four prerequisites to a class action are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. See generally, Ortiz v. Fibreboard Corp., 527 U.S. 815, 828 n.6 (1999). In addition to satisfying the prerequisites of Rule 23(a), the named plaintiffs must also satisfy the requirements of Rule 23(b):

> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> > (1) the prosecution of separate actions by or against individual members of the class would create a risk of

>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
>> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b).

Wal-Mart argues that the proposed class does not satisfy the typicality and adequacy of representation requirements of Rule 23(a). While the statutes of the additional eleven states may be substantially similar to Oklahoma's insurable interest statute, the legislative history of each differs, as well as the case law interpreting the statutes in each state and any affirmative defenses Wal-Mart may have. Wal-Mart points out that, currently, each named plaintiff is an Oklahoma resident suing on behalf of the estate of a former Wal-mart employee who was an Oklahoma resident. None of them resides in another state and, thus, cannot adequately represent the estates of former Wal-Mart employees who reside in other states. On the other hand, no prospective class

7

member in any of the other eleven states has an interest in the misappropriation claim, which plaintiffs have limited to Wal-Mart employees or personal representatives of former Wal-Mart employees residing in Oklahoma. Hence, Wal-Mart argues, a potential conflict of interest exists with the proposed multi-state class.

However, even if plaintiffs were to meet the requirements of Rule 23(a), they can not meet the requirements of Rule 23(b). The Court views the class certification issue through the lens of its summary judgment Opinion and Order (Dkt. # 168). There, the Court addressed several issues that it deemed specific to each of the plaintiffs and each of the Wal-Mart employees represented by plaintiffs. These issues including standing, statute of limitations, notice, and the merits of plaintiffs' claim that Wal-Mart had no insurable interest in the lives of the Wal-Mart employees represented by plaintiffs. All of these issues involved factual questions specific to the individual plaintiffs and the deceased persons they represented. For example, the Court examined whether and when each of the individuals represented by the named plaintiffs were insured, and whether Wal-Mart received any benefits as a result of the deaths of those Wal-Mart employees represented by plaintiffs. In particular, the issue of whether and when the employees received "notice," if any, of Wal-Mart's COLI policies figured prominently in the Court s evaluation of Wal-Mart's affirmative defenses.

The Court also evaluated whether Wal-Mart established that it had a substantial interest in the life of the employee represented by the only named plaintiff with standing to assert a claim for a violation of the statute, or whether that employee was of "special importance" to the company. This Court understands the Tenth Circuit's opinion in <u>Tillman v. Camelot Music, Inc.</u>, 408 F.3d 1300, 1306-07 (10th Cir. 2005), to require that an employer defending its COLI policies establish each insured employee's "special importance" to the company and not merely submit evidence of

8

costs associated with general employees, as opposed to "those who add significant pecuniary benefit to the company." Id.  Since the Tenth Circuit's Tillman decision dictates that such a determination must be made on an individual insured basis, class certification would not be appropriate.

In determining whether a class should be certified, the Court recognizes that it should not delve into the merits of the action. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974). However, the Supreme Court has also recognized that consideration of the merits is sometimes necessary to Rule 23 analysis. See General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982); Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 n.12 (1978).  That is the situation here, where the Court has determined already that Wal-Mart did not have an insurable interest in the lives of its rank-and-file or nonmanagement employees, and that Wal-Mart was not unjustly enriched by its COLI policies.

However, to succeed on a claim for violation of Oklahoma's insurable interest statute, the remaining named plaintiff on that claim would have to prove that each of the putative plaintiffs he seeks to represent are personal representatives of Wal-Mart employees who were not of "special importance" to the company and that each of the Wal-Mart employees and/or their personal representatives had no notice of Wal-Mart's COLI policies.  He would also have to show that each of the plaintiffs he seeks to represent has standing for purposes of the statutory violation claim by proving that Wal-Mart made a claim and received benefits upon the deaths of Wal-Mart employees represented by the putative class plaintiffs.  As for the misappropriation claim, the remaining named plaintiffs would have to prove that each of the putative plaintiffs they seek to represent are personal representatives of Wal-Mart employees who had no notice of Wal-Mart's COLI policies insuring their lives.  These considerations lead to the Court to find that plaintiffs have not met their burden

of demonstrating that the requirements of Rule 23 have been satisfied. See Reed v. Bowen, 849 F.2d 1307, 1309 (10th Cir. 1988). Granting leave to amend so as to permit plaintiffs to expand the definition of the class they seek to have certified, where the Court would not certify a class in any event, would be futile.

In addition, granting plaintiffs' motion for leave to file a fourth amended complaint would be futile because the Court has already determined that the doctrine of collateral estoppel or issue preclusion does not bar Wal-Mart from arguing that it gave notice of its COLI policies to its employees or that those employees' personal representatives had notice, and the doctrine does not bar Wal-Mart from asserting its affirmative defenses. See Opinion and Order, Dkt. # 168, at 25-31.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File a Third Amended Complaint (Dkt. # 38) and plaintiffs' Motion for Leave to File a Fourth Amended Complaint (Dkt. #132) are hereby **denied.**

**DATED** this 5th day of December, 2005.

_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT