**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **FRANK O. LEWIS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 02-CV-0944-CVE-FHM |
| | ) |
| **WAL-MART STORES, INC., et al,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court is the Plaintiffs' Objection to Magistrate's Order (Dkt. # 162). On September 8, 2005, United States Magistrate Judge Frank H. McCarthy entered an order (Dkt. # 160) granting in part Wal-Mart's Motion to Enforce Amended Confidentiality Order and Plaintiffs' Motion for Ruling on Confidentiality Order. In particular, the magistrate judge found that certain letters sent by plaintiffs' counsel contained indirect solicitation in violation of the March 3, 2004 Amended Confidentiality Order (Dkt. # 101). The Court finds that the magistrate judge's order was not "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

Plaintiffs brought this action on December 18, 2002, by filing a "Class Action Complaint." By Opinion and Order dated December 5, 2005 (Dkt. # 171), the Court denied plaintiffs' motions for leave to file a third and forth amended complaint, thus effectively denying the plaintiffs' request for class certification. As the personal representatives of the estates of eight individuals who were employed by Wal-Mart Stores, Inc. in Oklahoma, the plaintiffs initially sought, among other things, to recover life insurance benefits they claim the Wal-Mart defendants[1] wrongfully received upon the deaths of the Wal-Mart employees whom the plaintiffs represent; they also sought damages for

---

[1] Plaintiffs named both Wal-Mart Stores, Inc. and Wal-Mart Stores Inc. Corporation Grantor Trust as defendants, referenced herein collectively as "Wal-Mart."

alleged misappropriation by Wal-Mart of the personal information when Wal-Mart obtained the corporate owned life insurance ("COLI") covering the lives of the Wal-Mart employees whom plaintiffs represent. As a result of the Court's Opinion and Order dated December 1, 2005 (Dkt. # 168), the remaining claims in this litigation are for violation of Okla. Stat. tit. 36, § 3604 and misappropriation. In that order, the Court found, among other things, that Wal-Mart's statute of limitations defense turned on whether Wal-Mart employees received notice of Wal-Mart's COLI policies.

Wal-Mart's assertion of a statute of limitations defense, in part, underlies the magistrate judge's approval of a provision in the Amended Confidentiality Order permitting plaintiffs' counsel to use personal information about Wal-Mart employees that Wal-Mart produced during the course of discovery. Plaintiffs' counsel were permitted to use that information to contact witnesses who might have information about when and whether notice was received. However, it is clear from the transcripts of two separate hearings held by the magistrate judge that plaintiffs' counsel were prohibited from using that information,

> directly or indirectly, for the purpose of communicating, orally or in writing, with any person or estate not a formal party to this action, including without limitation any person or estate within any asserted or actual class Plaintiffs seek to represent in this action, concerning (a) solicitation directly or indirectly of legal representation of such person or estate, or (b) solicitation of fees and expenses or agreements to pay fees and expenses.

Amended Confidentiality Order, Dkt. 101, at 11, ¶ 21. At the time of the hearing on the motions at issue, the Court had not yet ruled on whether plaintiffs would be granted leave to file a third or fourth amended complaint, and thus, to maintain this action as a class action.

After the Tenth Circuit's ruling in Tillman, plaintiffs' counsel sent a form letter to various individuals in Texas, Oklahoma, Louisiana, New Mexico, Nevada, South Dakota, and Montana. All

2

of these states except Texas are states defined by plaintiffs' counsel as states where potential class members resided. In Texas, plaintiffs' counsel had already obtained a settlement on behalf of a class. One paragraph in the letter explains the intention of plaintiffs' counsel to ask this Court to include additional claims by plaintiffs in states other than Oklahoma, including the states where the recipients of the letters resided. The magistrate judge found that the paragraph violates the Amended Confidentiality Order. The Court agrees. As the magistrate judge explained, the paragraph was not necessary to obtain information concerning the statute of limitations defense and, combined with other information in the letter, invited the letter recipient to raise questions about inclusion in a possible class.

> Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties. But this discretion is not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules.

Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981) (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974)). One of the potential abuses is solicitation of class members. Id. at 100 n.12 (quoting Waldo v. Lakeshore Estates, Inc., 433 F. Supp. 782, 790 (E.D. La. 1977)).

The magistrate judge determined that the appropriate remedy at that time was to prohibit plaintiffs' counsel from engaging in any new communication using the personal information about Wal-Mart employees which contained the offending language, but he did not prohibit plaintiffs' counsel from responding to inquiries by recipients. He directed plaintiffs' counsel to keep a log of all such contacts and provide Wal-Mart with copies of all the letters sent that incorporated the personal information about Wal-Mart employees. The magistrate judge reserved any ruling on whether plaintiffs' counsel would be prohibited from representing any of the letter recipients in future actions against Wal-Mart, since none had sought to join the case at that time.

Plaintiffs assert that the offending language was not "wholly unnecessary," was "subject to multiple interpretations, most of which do not lead to a conclusion that they are solicitation of clients," and "can easily be understood as a statement that the recipient has no need to hire Plaintiffs' counsel." Objection, Dkt. # 162, at 10-11. Clearly, some interpretations could lead to that conclusion, as the language could also be understood as a statement that the recipient should consider hiring plaintiffs' counsel to sue Wal-Mart. Several recipients in fact did ask plaintiffs' counsel to represent them in filing claims against Wal-Mart. While the Court's December 5, 2005 Opinion and Order (Dkt. # 171) on the motions for leave to amend now precludes these recipients from becoming class members in this litigation, it does not preclude them from bringing their own individual claims. If they bring their own claims, the issue of whether plaintiffs' counsel should be permitted to represent them will be ripe for decision.

Plaintiffs seek clarification that the September 8, 2005 Order does not require that privileged communications be produced, as they sent the form letter to individuals whom they represent in the Texas litigation. See Mayo v. Hartford Life Ins. Co., 220 F. Supp. 2d 714, 791-93 (S.D. Tex. 2002). Plaintiffs assert that a number of those individuals supplied declarations as to the alleged notice of COLI policies Wal-Mart provided to its employees, and the identity of the individuals who supplied those declarations was not obtained through discovery produced in this lawsuit. Wal-Mart contends that the letters sent to Mayo class members in Texas are relevant as further evidence that letters sent to people in other states were indirect solicitations, and relevant with respect to counsel's explanation as to why the letters were sent when they were sent, and not earlier. Further, Wal-Mart argues, these communications with the Mayo class members affect the reliability of the declarations obtained in support of the attack on Wal-Mart's statute of limitations defense. Finally, Wal-Mart

4

argues that the communications with the Mayo class members cannot be withheld under a claim of attorney-client privilege because plaintiffs' counsel has not demonstrated that such communications satisfied the requirements of the attorney-client privilege and, even if the communications were privileged, plaintiffs' counsel has waived the privilege.

The Court finds that this issue as to the communications with the Mayo class members is premature. Plaintiffs' counsel may submit a privilege log as to the allegedly privileged communication and, if Wal-Mart challenges the assertion of attorney-client privilege, the magistrate judge can address that issue as a discovery matter.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Objection to Magistrate's Order (Dkt. # 162) is **overruled**; the September 8, 2005 Order (Dkt. # 160) by United States Magistrate Judge Frank H. McCarthy is **affirmed.**

**IT IS FURTHER ORDERED that a scheduling conference is set for January 6, 2006 at 11:00 a.m.**

**DATED** this 5th day of December, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT