IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK O. LEWIS, HERBERT SARTY, ROBERT BIZAL, KENNETH FRANK JACOBSON, JANET SWITZER, TERRY SCOTT SHELNUT, <br><br>　　　　　Plaintiffs, <br><br>JEFF TODD BROWN AND TAB ART BROWN, <br><br>　　　　　Additional Plaintiffs, <br><br>　v. <br><br>WAL-MART STORES, INC. AND WAL-MART STORES, INC. CORPORATION GRANTOR TRUST, <br><br>　　　　　Defendants. | Case No. 02-CV-944-EA(M) |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, CONDITIONAL APPOINTMENT OF THE CLASS REPRESENTATIVE AND CLASS COUNSEL, PRELIMINARY APPROVAL OF ATTORNEYS' FEES AND COSTS, AND APPROVAL OF NOTICE OF CLASS CERTIFICATION AND SETTLEMENT**

On this 29th day of August 2006, the Court considered the motion for preliminary approval of settlement agreement, conditional certification of the settlement class, conditional appointment of the class representative and class counsel, preliminary approval of attorneys' fees and costs, and approval of notice of class certification and settlement. After consideration of the same, IT IS HEREBY ORDERED AND DECREED as follows:

1. The proposed settlement between the Settlement Class and Wal-Mart appears, upon preliminary review, fair, reasonable and adequate and shall be submitted to the Settlement Class members for their consideration at a hearing under FED. R. CIV. P. 23(e).

2.      For the purposes of settlement only, the Court preliminarily finds that the numbers of the Settlement Class are so numerous that joinder of all members would be impracticable. The Court further preliminarily finds that there are questions of law and fact common to the claims of the Settlement Class members.

3.      For purposes of the settlement only, the Court preliminarily finds that the claims of the Class Representative, the Estate of Alene Jacobson, by Kenneth Jacobson as the Estate Representative (the "Jacobson Estate"), are typical of the claims of the members of the Settlement Class. The Court preliminarily finds that the Jacobson Estate is adequate to represent the Settlement Class and conditionally approves the Jacobson Estate as Class Representative. McClanahan & Clearman, L.L.P. and Eller & Detrich, P.C. are preliminarily found to be experienced and skilled attorneys capable of adequately representing the Settlement Class and are preliminarily approved as Settlement Class Counsel.

4.      The Court further preliminarily finds, for the purposes of settlement only, that the questions of law or fact common to the Settlement Class predominate over questions affecting the individual members and that a class action is superior to other methods available for adjudicating the controversy and that certification is appropriate under Rule 23(b)(3).

5.      The Court preliminarily finds, for the purposes of settlement only, that the Settlement Class as proposed in the Settlement Agreement meets all of the requirements of FED. R. CIV. P. 23 for certification of a class. Accordingly, the Court preliminarily and conditionally certifies a plaintiff settlement class consisting of the Estate of Alene Jacobson as the Class Representative and the estates of the following persons:

> Ray L. Brisco, Robin E. Brooks, Patricia A. Carpenter, Carol Chegwidden, Milton Chisum, Robert C. Christy, Beverly Claycomb, Brian K. Cowan, James H. Cox, Millard G. Craig, Jeanine Crooks, Delores F. Debaun, Richard E. Dobbin, Jay A. Duarte, Warren S. Edquist, Margie Foster, Lana G. Franklin, Joy A. Gage, Betty

I. Gaston, Hollis R. Gilley, Earlene Gilmer, Kevin Hebel, Danny J. Helm, Jeff Hicks, Helen C. Holt, Glenetta Jackson, Melissa A. Johnson, Alta F. Jones, Annita Jones, Betty J. Jones, Gayle L. Jones, Charlene J. Karber, Sherrie M. Key, Betty Kusler, Vernon E. Lake, Mary L. Lamb, Alice Lila Laine, Harry A. Linnell, Jr., Venetta J. Love, Betty Lyons, Mary E. Martineau, Nita H. Matherly, George W. Moseley, Jr., John R. Parkhurst, Edna F. Pennington, Jams L. Phillips, Lillian Roberts, Kathryn Rorabaugh, Patricia M. Russell, Jerry W. Satterfield, Patricia M. Schumacher, Teressa J. Scott, Doris J. Shieldnight, Natalene K. Shockley, Gary L. Smith, Joe M. Smith, LaDonna S. Smith, Rhonda G. Stafford, David B. Sullivan, Richard D. Taylor, Ella F. Tooman, Sylvia M. Tripp, Joyce A. Troutman, Michael R. Wakefield, Maudena M. Walker, Marsha A. Ware, Barbara S. Whitney, Wilma K. Williams, Mary M. Wilson, Ruby D. Wilson, Mary E. Woodell, and Reba D. Young.

6. The class is certified for settlement purposes only. This Order shall be null and void and of no force or effect and this action shall proceed as though a class had never been certified if the settlement is not finally approved by this Court or if the settlement, after being finally approved by this Court, is invalidated on appeal or terminated pursuant to the terms of the Settlement Agreement.

7. Based on the arguments, evidence submitted, and familiarity with the case, the Court preliminarily approves an award of attorneys' fees, inclusive of all taxable and non-taxable expenses and costs, to Settlement Class Counsel in an amount equal to 1/3 of the $5,097,606.87 settlement amount to be paid by Wal-Mart and held by Settlement Class Counsel in trust (the "Settlement Trust"). The Court further preliminarily approves a reimbursement award of $10,000 to the Jacobson Estate in recognition of the fact that the Jacobson Estate expended time and effort filing and pursuing litigation against Wal-Mart for the benefit of the Settlement Class.

8. A "Fairness Hearing" will be held on *December 1*, 2006 at *1:30 p*.m. to consider final approval of the Settlement Agreement. The Settlement Class members wishing to object to the Settlement Agreement will be heard at that time. Any Settlement Class member wishing to object to the Settlement Agreement must do so in writing by filing such objection

with the Court and providing such objection and all papers to the following counsel: Scott Clearman, McClanahan & Clearman, L.L.P., 4100 Bank of America Center, 700 Louisiana Street, Houston, Texas 77002 and David L. Bryant, Bryant Law Firm PLLC, 950 Kennedy Building, 321 South Boston Avenue, Tulsa, Oklahoma 74103, by first-class mail postmarked on or before _November 15_, 2006. Each objection must include the objector's name, address, telephone number, signature, and the name and social security number of the deceased Wal-Mart employee. Each objecting Settlement Class member must state the reasons for the objection to the settlement. Finally, if the objecting Settlement Class member wishes to speak at the final approval hearing, the written objection must so state and specifically identify all witnesses and materials that the objecting Settlement Class member will present at the hearing.

9.     Any objecting Settlement Class member that fails to properly or timely file its objection with the Court or to serve the objection on counsel of record as provided in paragraph 8 hereof shall not be heard during the Fairness Hearing and such objection shall not be considered by the Court.

10.    The Court approves the notice to the Settlement Class attached as **Exhibit A-1** to this Order and orders that such notice shall be mailed by Class Counsel by first-class mail to all known, prospective members of the Settlement Class on or before _September 15_, 2006.

11.    The Court approves the notice by publication attached as **Exhibit A-2** to this Order and orders that such notice shall be arranged by Class Counsel to be published in the following newspapers, such notice being at least 1/16th of a page: Tulsa World, Daily Oklahoman, Enid News and Eagle, Lawton Constitution, Muskogee Daily Phoenix, McAlester News Capital & Democrat, Daily Ardmoreite, and Fort Smith Times Record (Fort Smith, Arkansas). The notice shall be published once on or before _September 15_, 2006.

12. All costs incurred in connection with mailing and publishing notice to the members of the Settlement Class shall be borne as provided by the terms of the Settlement Agreement.

13. Any estates wishing to exclude themselves from the Settlement Class must do so by properly completing the Exclusion Form (attached to this Order as page 10 to **Exhibit A-1**) and sending it to Class Counsel and Wal-Mart's Counsel, as directed, by first-class mail postmarked on or before November 15, 2006. All members of the Settlement Class who do not timely and properly exclude themselves from the Settlement Class in the manner provided by this Order shall be bound conclusively by all the terms of the Settlement Agreement, if finally approved, and by any judgment entered upon final approval.

14. Settlement Class counsel shall file with the clerk, at least three days before the Final Hearing, an affidavit identifying the persons to whom notice has been mailed, certifying compliance with the notice provisions of this Order and identifying any members of the Settlement Class that have opted out of the settlement together with the Exclusion Form submitted by the member(s) of the Settlement Class.

15. Settlement Class counsel shall respond to all requests for information concerning the settlement received as a result of the notice by publication, or otherwise, by sending a copy of **Exhibit A-1** (*mailed notice*) and the Settlement Agreement to the persons requesting the information. Settlement Class counsel shall send **Exhibit A-1** (*mailed notice*) by first-class mail within one business day of Class Counsel's receipt of the request. Additionally, Class Counsel shall maintain records sufficient to identify every person who made a request for information concerning the settlement, establish the date the request was received, and establish the date that Class Counsel sent **Exhibit A-1** (*mailed notice*) and the Settlement Agreement to the requesting person.

16.  The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

17.  Pending final determination of whether the settlement shall be approved, the Jacobson Estate, all members of the Settlement Class, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Parties (as defined in the Settlement Agreement) and all proceedings in this action, other than as may be necessary to carry out the terms of the settlement, are stayed or suspended.

18.  Pursuant to paragraph 12 of the Settlement Agreement, Wal-Mart, in its sole and absolute discretion, has the option to withdraw or terminate the settlement in the event that more than four potential members of the Settlement Class timely and validly request exclusion form the Settlement class.

19.  The Court retains exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settled Claims.

SIGNED this 29th day of August, 2006.

_Claire V. Eagan_
Judge Presiding