**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **FRANK O. LEWIS, HERBERT SARTY, RODNEY BIZAL, KENNETH FRANK JACOBSON, JANET SWITZER, TERRY SCOTT SHELNUT**, <br> PLAINTIFFS, <br><br> **JEFF TODD BROWN AND TAB ART BROWN**, <br> ADDITIONAL PLAINTIFFS, <br><br> vs. <br><br> **WAL-MART STORES, INC., AND WAL-MART STORES, INC. CORPORATION GRANTOR TRUST,** <br> DEFENDANTS. | Civil Action Number 02-CV-944-CVE-FHM |

**MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS**

The Estate of Alene Jacobson, by Kenneth Jacobson, the Estate Representative (the "Jacobson Estate"), Eller & Detrich, P.C. and McClanahan & Clearman, L.L.P. move for final approval of attorneys' fees and costs that were preliminarily approved by the Court on August 29, 2006. Wal-Mart takes no position on the award and no class member has objected to the award that was preliminarily approved.

**1.    ARGUMENT.**

This Court's August 29, 2006 order of preliminary approval granted a preliminary award of attorneys' fees of $1,699,202.29, or one-third of the $5,097,606.87 common fund created by this settlement. The Jacobson Estate and Class Counsel now ask that the award be made final.

FED. R. CIV. P. 23(h) addresses attorneys' fee awards in class action suits and requires that claims for awards of those fees be made by motion under FED. R. CIV. P. 54(d)(2).    The United States Supreme Court has consistently held that a person who successfully maintains a

lawsuit that creates a common fund is entitled to reasonable compensation.[1]  The Supreme Court

has also consistently recognized that a litigant or lawyer who recovers a common fund for the

benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from

the fund as a whole.[2]

The Tenth Circuit also recognizes and applies the common fund theory to attorneys' fee

awards.[3]  It has stated a preference for using the percentage of the fund method in common fund

cases.[4]  When deciding the appropriate percentage to award, courts in this circuit look to the

factors stated in *Johnson v. Georgia Highway Express, Inc.*[5]  These factors include:

(1)     the time and labor required;

(2)     the novelty and difficulty of the questions;

(3)     the level of skill required;

(4)     the effect on other employment by the attorney;

(5)     the customary fee;

(6)     whether the fee is fixed or contingent;

(7)     the time limitations imposed by the client or the ability of the attorney;

(8)     the amount involved and the result obtained;

(9)     the experience, reputation, and ability of the attorney;

(10)    the undesirability of the case;

---

[1]     *See Trustees v. Greenough,* 105 U.S. 527 1157 (1881).

[2]     *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980).

[3]     *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1444-45 (10th Cir. 1995); *Gottleib v. Barry*, 43 F.3d 474, 482-83 (10th Cir. 1994).

[4]     *Rosenbaum*, 64 F.3d 1445.

[5]     *Rosenbaum*, 64 F.3d at 1445 n. 3 (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)).

(11)     the nature and length of the attorney's relationship with the client;  and

(12)     awards in similar cases.

As described below, each of these factors support an award of the one-third fee requested by Eller & Detrich, P.C. and McClanahan & Clearman, L.L.P. (collectively "Class Counsel").[6]

### FACTOR (1): THE TIME AND LABOR REQUIRED

Eller & Detrich, P.C. and McClanahan & Clearman, L.L.P. have spent a significant amount of time prosecuting this case.  To date, McClanahan & Clearman and Eller & Detrich have spent more than 4,000 hours on the prosecution of this case.  The firms have spent additional time on this case since the settlement was given preliminary approval and will also spend a significant amount of additional time taking calls from class members, assisting them with their claim forms, and overseeing the distribution of the settlement funds.[7]  The firms have also advanced tens of thousands of dollars in case expenses.  Thus, the requested fee of $1,699,202.29 will essentially only compensate the firms for billings at reasonable hourly rates.  It will not give much, if any, multiplier to compensate them for litigation risk or advancing case expenses.  This factor weighs heavily in favor of awarding the requested fee.

### FACTORS (2), (3) AND (9): CLASS COUNSELS' EXPERTISE

No attorneys in this nation have more expertise in representing families and estates in the recovery of Corporate Owned Life Insurance policy benefits than Eller & Detrich and McClanahan & Clearman.  As described in the motion for preliminary approval, these firms have brought virtually every modern insurable interest case filed on behalf of covered employees or

---

[6]     See the August 28, 2006 declarations of Scott M. Clearman and James C. Hodges, attached as Exhibits B and C to the motion for preliminary approval [Dkt. No. 259].

[7]     See the November 27, 2006 declaration of Michael D. Myers, attached as Exhibit A to the November 27, 2006 "Motion for Final Approval of Class Settlement and Related Matters."

their estates and are the only firms that have obtained successful results for their clients.  The firms also have extensive experience with class actions and complex litigation outside the context of COLI litigation.  In essence, the Jacobson Estate was represented by counsel that was the nation's best-qualified for the subject matters of this case.

FACTOR (8):  THE CLASS RECOVERY IS EXCEPTIONAL

Wal-Mart's agreement to pay $5,097,606.87 to settle this case is an extraordinary result for the class.  The $5,097,606.87 is equal to 100% of the policy benefits Wal-Mart received from the deaths of covered Oklahoma employees.  Class action settlements routinely recover only pennies on the dollar for class members.  Here, class members will recover all of their actual damages, net of attorneys' fees and costs.  This exceptional recovery for the class more than justifies the requested fee.

FACTOR (6): THE RISKS IN THIS CONTINGENT MATTER

Shortly after this case was filed, this Court entered summary judgment against the plaintiff in the similar case *Tillman v. Camelot Music*.[8]  *Tillman* was the first case that sought recovery of COLI policy benefits under OKLA. STAT. tit 36 § 3604.  Wal-Mart then used the *Tillman* decision to argue that summary judgment was appropriate against the Jacobson Estate's claims.  Wal-Mart also raised a host of affirmative defenses.  The risk associated with this case was high.

FACTOR (4): THE EFFECT UPON OTHER EMPLOYMENT

McClanahan & Clearman is a small firm that does most of its cases on a contingent fee.  Eller & Detrich is a larger firm that has a mixed hourly and contingent fee practice.  The primary resource of both firms, the time of its attorneys, is finite and they must therefore closely analyze

---

[8]     *Tillman v. Camelot Music, Inc.*; No. 02CV 761EA(J), 2005 WL 3436484 (N.D. Okla. Dec. 14, 2005).

how that resource will be expended. This case has consumed a substantial portion those resources. By pursuing this case against Wal-Mart, the Jacobson Estate's counsel was necessarily prevented from pursuing other projects. This factor therefore weighs in favor of awarding the requested fee.

FACTORS (5), (6) AND (11): THE "CUSTOMARY FEE"

In all but a few instances McClanahan & Clearman works under contingent fee contracts (*Johnson* factors 5 and 6). Generally, the fee agreements with clients provide for a fee of between 33⅓% to 40% to trial, and 40% to 45% on appeal. The customary fee for the clients and the class is at least 33⅓%. Wrapped within this customary fee is the fact that as the Jacobson Estate's counsel, we would lose both their massive hourly investment in this case and our expenses if we obtained no recovery for the client. The customary fee (and its contingent component) is a basis for the Court to grant the requested award. Attorneys' fees near or above one-third of the common fund have been routinely awarded in class actions.[9]

The proposed settlement is an outstanding result for the class. The fee requested is well within the range common for class action fee awards. The Jacobson Estate's counsel has invested thousands of hours in this case, has incurred risk, and advanced litigation costs. Each of the factors this Court is to consider when awarding the attorneys' fee weigh strongly in favor of awarding the requested fee.

**2.   PRAYER.**

The Jacobson Estate, Eller & Detrich, P.C. and McClanahan & Clearman, L.L.P. request that this Court grant final approval to the $1,699,202.29 award of attorneys' fees and costs that was preliminarily approved by the Court on August 29, 2006.

---

[9]      *Shaw*, 91 F. Supp. 2d at 972.

Respectfully submitted,

**ELLER AND DETRICH**,
A Professional Corporation

James C. Hodges, OBA # 4254
Shanann Pinkham Passley, OBA #13603
2727 East 21st Street, Suite 200
Midway Building
Tulsa, Oklahoma 74114-3533
Telephone:  (918) 747-8900
Facsimile:  (918) 747-2665

**MCCLANAHAN & CLEARMAN, L.L.P**.

By:____/s/ Michael D. Myers_____
Scott M. Clearman
Texas Bar No. 04350090
Michael D. Myers
Texas Bar No. 00791331
Robert H. Espey II
Texas Bar No. 24007163
4100 Bank of America Center
700 Louisiana
Houston, Texas 77002
Telephone:     (713) 223-2005
Facsimile:     (713) 223-3664

ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

I, Michael D. Myers, certify that I have served a copy of the above and foregoing pleading by electronic filing to:

David L. Bryant
Bryant Law Firm PLLC
950 Kennedy Building
321 South Boston Avenue
Tulsa, Oklahoma  74103-3313

DATED this 27th day of November 2006.

By:_____/s/ Michael D. Myers_____
      Michael D. Myers

#28763