## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

FRANK O. LEWIS, HERBERT SARTY,    )
ROBERT BIZAL, KENNETH FRANK    )
JACOBSON, JANET SWITZER, TERRY    )
SCOTT SHELNUT,    )
    )
    Plaintiffs,    )
    )
JEFF TODD BROWN AND    )
TAB ART BROWN,    )    Case No. 02-CV-0944-CVE-FHM
    )
    Additional Plaintiffs,    )
    )
v.    )
    )
WAL-MART STORES, INC. AND    )
WAL-MART STORES, INC. CORPORATION  )
GRANTOR TRUST,    )
    )
    Defendants.    )

## OPINION AND ORDER

Now before the Court is plaintiffs' Motion for Final Approval of Attorneys' Fees and Costs (Dkt. # 279). Plaintiffs' counsel, Eller & Detrich, P.C., and McClanahan & Clearman, L.L.P., request that the Court award attorneys' fees in the amount of $1,699,202. This amount represents one-third of the final settlement. Defendants take no position on plaintiffs' request for attorneys' fees. Pursuant to Fed. R. Civ. P. 23(h), plaintiffs' counsel mailed notice to the putative class members stating that counsel would seek one-third of the settlement proceeds as attorneys' fees and no class member has objected.

The Tenth Circuit follows the common fund doctrine when awarding attorneys' fees in a class action. Rosenbaum v. MacAllister, 64 F.3d 1439, 1444 (10th Cir. 1995). This doctrine applies in any case when a "plaintiff's successful litigation confers 'a substantial benefit on the members

of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among [the class].'" Hall v. Cole, 412 U.S. 1, 5-6 (1973) (quoting Mills v. Electric Auto-Lite Co., 396 U.S. 375 (1970)).  This doctrine follows the American rule requiring each party to pay his own attorneys' fees, but apportions litigation expenses out of the recovery of the class.   There are two methods for determining the amount of attorneys' fees in class action under the common fund doctrine: (1) the "percentage of the fund" method; and (2) the lodestar method.  The Tenth Circuit has expressed preference for a hybrid method, considering factors used under the lodestar method to reach an appropriate percentage for attorneys' fees.  Gottlieb v. Barry, 43 F.3d 474, 482-83 (10th Cir. 1994). Citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir. 1974), the Tenth Circuit has listed 12 factors to guide courts when awarding attorneys' fees out of a common fund:

(1) the time and labor required;

(2) the novelty and difficulty of the legal questions;

(3) the skill requisite to perform the legal service properly;

(4) the preclusion of other employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the undesirability of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

Rosenbaum, 64 F.3d at 1445 n.6; Gottlieb, 43 F.3d at 482.  The Court will apply the hybrid "percentage of the funds" approach discussed by the Tenth Circuit in Gottlieb and Rosenbaum.

The attorneys' fees requested by plaintiffs' counsel are reasonable under the circumstances. Plaintiffs' counsel state that they spent over 4,000 hours working on this case, and it will likely take a significant amount of time to disburse the settlement funds.  The case involved novel and complex legal theories, and plaintiffs' counsel assumed a great deal of risk by taking this kind of case on a contingency basis.  There was certainly no guarantee that plaintiffs would recover anything in this action, and plaintiffs' counsel state that McClanahan & Clearman and Eller & Detrich are both relatively small firms.  Plaintiffs' counsel obtained an excellent settlement for the class, and the settlement amount represents the full amount of the policy benefits Wal-Mart received from life insurance policies on its employees.  A contingency fee of one-third is relatively standard in lawsuits that settle before trial and, given the length and complexity of this lawsuit, it is a reasonable percentage for a contingency fee.  Under the factors discussed in Gottlieb and Rosenbaum, plaintiffs' request for attorneys' fees is reasonable.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Final Approval of Attorneys' Fees and Costs (Dkt. # 279) is **granted**, and plaintiffs' counsel are awarded one-third of the final settlement, or $1,699,202, for attorneys fees.  The fees will be paid out of the common fund created by the settlement.

**DATED** this 4th day of December, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3